NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3255

_____

JOAN MATTSON;
ERIC MATTSON, individually and as a class representative on behalf
of others similarly situated,

Appellants

v.

AETNA LIFE INSURANCE CO., d/b/a Aetna, Inc.;
THE RAWLINGS COMPANY, LLC, d/b/a The Rawlings Group;
S. N.J. REGIONAL EMPLOYEE BENEFIT FUND;
COOPER UNIVERSITY HEALTHCARE, d/b/a Cooper Hospital/University
Medical Center, d/b/a Cooper University Physicians, d/b/a Cooper University Hospital;
JOHN DOES INDIVIDUALS AND BUSINESSES 1-20

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-06809)
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2016

Before: AMBRO, JORDAN, and GREENBERG, Circuit Judges

(Opinion filed June 23, 2016)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

Eric Mattson suffered severe injuries in a car accident in 2012. At the time, he was his mother Joan Mattson's dependent in a health benefits plan offered through the Southern New Jersey Regional Employee Benefit Fund (the "Fund"). After submitting hospital bills to the plan, the Mattsons received what they allege are improper requests for payments. These included two letters from a debt collector for the Fund. One said that Mr. Mattson would need to contribute to the plan from any recovery he got for the accident from any other party. Another said that there was a "claim/lien for medical benefits paid on behalf of [Mr. Mattson]." Joint Appendix ("JA") 4 (internal quotation marks omitted). Based on these communications, the Mattsons sued the Fund under the New Jersey Civil Rights Act ("CRA"). The District Court concluded that the allegations, taken as true, nonetheless failed to state a claim under the CRA. We agree and therefore affirm.[1]

The CRA provides a cause of relief for

[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction per 28 U.S.C. § 1332(d), and we have jurisdiction under 28 U.S.C. § 1291. The Mattsons pursued various claims in the District Court, but the CRA claim against the Fund is the only one presented to us on appeal.

immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law . . . .

N.J. Stat. Ann. § 10:6-2(c). Per the plain text of this statute, deprivations of certain rights protected by state law provide a cause of action under the CRA. The Mattsons argue that the Fund violated two state laws—the New Jersey Collateral Source Statute ("NJCSS") and the Automobile Insurance Cost Reduction Act ("AICRA")[2]—and that these violations are actionable under the CRA. Specifically, they argue that the Fund, in violation of both laws, pursued a so-called "subrogation" claim against Mr. Mattson by asking him for reimbursement.

However, not all violations of state law cause CRA liability. Like 42 U.S.C. § 1983, the CRA "is not itself a source of substantive rights, but rather a vehicle by which [other] rights . . . may be vindicated." *Tumpson v. Farina*, 95 A.3d 210, 224 (N.J. 2014). As such, the New Jersey Supreme Court looks to § 1983 case law to determine the types of violations that are actionable under the CRA. *Id.* at 225. As relevant here, a plaintiff seeking to use a statutory violation as a basis for CRA liability must "show that . . . [the legislature] intended the statute to benefit the plaintiff." *Id.* at 224 (internal quotation marks omitted). The District Court, without concluding whether the Fund violated the NJCSS or the AICRA, determined that neither statute was designed to protect plaintiffs

---

[2] The District Court concluded that it would not be possible for the Fund to have violated both statutes because the NJCSS does not apply when an insured party seeks recovery under the AICRA. *See* JA 13–14. However, because neither statute helps the Mattsons bring a CRA claim, we need not resolve this issue.

like the Mattsons from subrogation. We agree and, like the District Court, conclude that this is fatal to their CRA claim.

The first statute, the NJCSS, applies to a host of personal injury claims and provides that, in the event a plaintiff recovers an insurance payout, it

> shall be disclosed to the court and the amount thereof which duplicates any benefit contained in [a court] award shall be deducted from [the] award . . . less any premium paid to an insurer directly by the plaintiff or by any member of the plaintiff's family on behalf of the plaintiff for the policy period during which the benefits are payable.

N.J. Stat. Ann. § 2A:15-97. Essentially, the statute prevents plaintiffs from double recovering—first through insurance and later through a personal injury verdict. Because civil verdicts are lessened by the amount of insurance recoveries, insurance providers are prevented from seeking subrogation in personal injury cases governed by the NJCSS. *Perreira v. Rediger*, 778 A.2d 429, 431 (N.J. 2001).

However, the NJCSS is not meant to benefit the Mattsons. Indeed, it lessens the amount of damages they can receive by disallowing a double recovery. The statute (and its bar on subrogation) is meant to benefit liability insurance carriers by reducing their exposure in personal injury suits. *See id.* (noting that the purpose of the statute is to "allocate . . . benefit[s]" to liability carriers).

Meanwhile, the AICRA details when and how an insurer can recover the benefits it paid out to insured parties. *See* N.J. Stat. Ann. 39:6A-9.1. The Mattsons say that this statute allows for subrogation but argue that the Fund pursued it the wrong way. We need not resolve this contention, as it is clear that the AICRA, like the NJCSS, is not designed to benefit plaintiffs such as the Mattsons. Its "legislative intent . . . was to . . . reduc[e] the

4

cost of insurance for automobile owners and allow[] automobile insurers to recover [benefits] through reimbursement." *State Farm Mut. Auto. Ins. Co. v. Licensed Beverage Ins. Exch.*, 679 A.2d 620, 624 (N.J. 1996). As the District Court correctly observed, the Mattsons do indeed benefit from lower insurance costs. Nonetheless, "this benefit does not flow from [their] asserted right to be free from subrogation, but from a right conferred on [their] automobile insurer." JA 19–20.

\* \* \* \* \*

The Mattsons claim that the Fund violated two statutes and seek to use those violations to anchor a CRA claim. However, neither statute is designed to benefit personal injury victims by freeing them from subrogation claims. As a result, even if the Fund violated the statutes, those violations would not create liability under the CRA. We therefore affirm.

5